IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **HERIANA OBEGINSKI,** § | |
| § | |
| *Plaintiff*, § | |
| § | |
| § | |
| § | |
| v. § | **CASE NO. 4:21-CV-02468** |
| § | |
| **UNITED AIRLINES, INC.** and § | |
| **ASSOCIATION OF UNITED FLIGHT** § | |
| **ATTENDANTS,** § | |
| § | |
| *Defendants.* § | |

### DEFENDANT UNITED AIRLINES, INC.'S NOTICE OF REMOVAL

TO: Clerk of Court
United States District Court
　for the Southern District of Texas
515 Rusk Avenue
Houston, Texas 77002

Clerk of the 133rd Judicial District Court
Harris County Courthouse
201 Caroline Street, 11th Floor
Houston, Texas 77002

Ms. Heriana Obeginski, by and through her attorney of record
Mr. Dean J. Schaner
Schaner Law Firm
5313 Pocahontas Street
Bellaire, Texas 77401

Defendant United Airlines, Inc. ("UA") files this notice of removal of this case, brought by Plaintiff Heriana Obeginski ("Obeginski"), from the 133rd Judicial District Court of Harris County, Texas, under 28 U.S.C. §§1332, 1441, and 1446, on the following grounds:

# I.
# EXHIBITS

1. To support this notice of removal, UA provides the Court with the following exhibits:

   a. Exhibit 1: All executed process;

   b. Exhibit 2: Obeginski's original petition, filed July 7, 2021;

   c. Exhibit 3: UA's original answer, filed July 30, 2021;

   d. Exhibit 4: State Court docket sheet;

   e. Exhibit 5: Index of matters being filed;

   f. Exhibit 6: List of counsel of record; and

   g. Exhibit 7: Public Record of the Office of the Illinois Secretary of State.

# II.
# BACKGROUND

2. Obeginski filed her original petition against UA on July 7, 2021, alleging worker's compensation retaliation and disability discrimination in connection with her employment termination. *See* Ex.2. The Harris County District Clerk assigned Obeginski's original petition Case No.2021-40670 on the docket of the 133rd Judicial District Court. *See* Ex.2. Obeginski completed service of process of her original petition on UA by delivering certified mail to UA's registered agent on or about July 12, 2021. UA files this notice of removal in a timely manner, within the removal statute's thirty-day limit. 28 U.S.C. §1446(b).

# III.
# REMOVAL BASED ON DIVERSITY JURISDICTION

3. The Court has original jurisdiction over this matter based on the diversity of citizenship of the parties and the amount in controversy exceeding $75,000. 28 U.S.C. §1332(a)(1).

Because the Court has original jurisdiction, UA may remove this matter from state court to federal court. 28 U.S.C. §1441(a).

**A.**
**Obeginski Is a Citizen of the State of Texas.**

4. At all times relevant to this matter, Obeginski has qualified as a citizen of the State of Texas. 28 U.S.C. §1332(a).

> For diversity purposes, citizenship means domicile. … A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he had the intention of returning whenever he is absent therefrom.

Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974); *see also* Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996) ("[S]tate citizenship for diversity purposes is regarded as synonymous with domicile."). In her original petition, Obeginski admits that she worked as a flight attendant based in Houston, Texas for 20 years. *See* Ex.2 ¶7. By alleging that she worked for UA for so long, Obeginski also admits that her fixed and permanent home lies in Texas. *Id*. Without any doubt, Obeginski has Texas citizenship.

**B.**
**UA Is a Citizen of the State of Illinois.**

5. At all times relevant to this matter, UA has not been a citizen of the State of Texas. For diversity purposes, a corporation qualifies as a citizen of (a) its state of incorporation and (b) the state where it has its principal place of business. 28 U.S.C. §1332(c)(1). UA operates a corporation organized under the laws of the State of Delaware and maintains its headquarters in the State of Illinois. "The principal place of business is where the corporation's high level officers direct, control, and coordinate the corporation's activities." Swindol v. Aurora Flight Sciences Corp., 805 F.3d 516, 519 (5th Cir. 2015) (quoting Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010)). The Court may take judicial notice of uncontroverted public records establishing that UA's principal place of business lies in Chicago, Illinois. Swindol, 805 F.3d at 519 & n.2 (citing

Kaufman v. Western Union Telegraph Co., 224 F.2d 723, 725 (5th Cir. 1955) and FED.R.EVID. 201(b)(2)). In particular, the Office of the Illinois Secretary of State lists UA's president and corporate secretary as having offices in Chicago, Illinois.[1] Since UA's high levels officers direct its activities from Chicago, UA's principal place of business lies in, and it is a citizen of, the State of Illinois.

6. Importantly, "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state." Tex. Brine Co. v. Am. Arbitration Ass'n, 955 F.3d 482, 487 (5th Cir. 2020). Since Defendant Association of United Flight Attendants has not yet been properly joined and served, the Court need not consider its citizenship in determining that it has diversity jurisdiction of this matter.

### D.
### The Amount in Controversy Exceeds $75,000.

7. To determine the amount in controversy, the Court must only look at the face of the plaintiff's complaint. St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998). In this matter, Obeginski's original petition alleges, "the amount in controversy (exceeding at a minimum over $300,000) is within this Court's jurisdiction." *See* Ex.2 ¶5. By Obeginski's own admission, the amount in controversy exceeds the jurisdictional amount of $75,000.

8. Because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, this Court has original jurisdiction of this matter under 28 U.S.C. § 1332. Removal is therefore proper. 28 U.S.C. § 1441(a)-(b).

---

[1] https://www.ilsos.gov/corporatellc/CorporateLlcController (File Number 52199484) (attached at Ex.7).

## IV.
## VENUE, NOTICE, AND COMPLIANCE WITH LOCAL RULE 81

9. Venue properly lies with the Southern District of Texas, Houston Division because Harris County, Texas, where Obeginski filed her original petition, falls within this district and division. 28 U.S.C. §1441(a); 28 U.S.C. §124(b)(2).

10. UA will promptly file a notice of filing of notice of removal with the 133rd Judicial District Court of Harris County, Texas and will serve a copy of the filing on Obeginski through her attorney. 28 U.S.C. § 1446(d).

11. UA has identified the exhibits accompanying this notice of removal in Paragraph 1, above.

12. If Obeginski seeks remand of this case to state court, UA respectfully requests that the Court provide an opportunity for further briefing and argument before issuing a remand order. If the Court decides to issue a remand order, UA respectfully requests that the Court retain jurisdiction and certify any remand order for interlocutory review. 28 U.S.C. §1292(b).

## V.
## CONCLUSION

13. The Court has original jurisdiction over this matter because the parties are citizens of different states and the amount in controversy exceeds $75,000, 28 U.S.C. §1332(a). For these reasons, UA has properly removed this case from state court to this Court. 28 U.S.C. §1441.

        Respectfully submitted,

        THE MISRA LEGAL GROUP


By: **/s/ Amit K. Misra**
    Amit K. Misra, Esq., P.C.
    State Bar of Tex. No. 00795534
    639 Heights Boulevard
    Houston, Texas 77007
    832-723-4776 Telephone
    832-476-9656 Telecopier
    amit@misralegal.com

ATTORNEY FOR DEFENDANT
UNITED AIRLINES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2021, a copy of the foregoing was filed with the Clerk of Court and served to the following counsel of record via CM/ECF:

Dean J. Schaner
Schaner Law Firm
5313 Pocahontas Street
Bellaire, Texas 77401
deanschaner@schanerlawfirm.com


/s/ Amit K. Misra
Amit K. Misra