Case 4:21-cv-02468   Document 1-2   Filed on 07/30/21 in TXSD   Page 1 of 8

7/7/2021 12:34 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 55111663
By: D Burton
Filed: 7/7/2021 12:34 PM

C.A. NO. _____

| | | |
|---|---|---|
| Heriana Obeginski, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| United Airlines, Inc. and | § | |
| Association of United Flight Attendants, | § | |
| | § | |
| *Defendants*. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Heriana Obeginski ("Obeginski" or "Plaintiff") files her Original Petition against United Airlines ("UA") and the Association of United Flight Attendants union ("AFA") and states:

### SUMMARY

1. This is a workers' compensation retaliation and disability discrimination case under the Texas Labor Code § 451 and the Texas Labor Code prohibiting disability discrimination. Texas Labor Code Section 21.001 *et.seq.*

2. A UA coworker, Janine Irving, assaulted and seriously injured Plaintiff on January 7, 2019. (Plaintiff filed charges with the Houston Police Department on January 8, 2019, upon landing at the George Bush International Airport based on the failure of law enforcement officers to receive the flight). Irving slammed Plaintiff with a beverage cart during an international flight

1

from Brazil to Houston. Plaintiff reported the on-the-job injury ("OJI") to UA management and the AFA; Plaintiff's OJI included, among other things, three bulging discs in her back.

3. Plaintiff had no idea why Irving used the cart to slam it into the Plaintiff.

4. After Plaintiff reported the injury to UA and AFA management, UA and the AFA union subjected Plaintiff to a hostile work environment and UA ultimately terminated Plaintiff's employment.

## JURISDICTION

5. This Court has jurisdiction over Plaintiff's claims because the OJI she suffered disability discrimination claims occurred in Harris County, Texas. Further, the amount in controversy (exceeding at a minimum over $300,000) is within this Court's jurisdiction.

## DISCOVERY CONTROL PLAN

6. Obeginski intends to conduct discovery under Tex. Rule Civ. P. 190.3 (Level 2).

## THE PARTIES AND SERVICE OF PROCESS

7. Obeginski was a 20-year employee (20 years and 8 months) with UA and worked as a flight attendant based in Houston, Texas. Obeginski worked as a flight attendant on international flights for UA.

8. Defendant UA is a major airline with a large hub in Houston, Texas. UA may be served with process through its registered agent for service at CT Corporation System, 1999 Bryan Street, No. 900, Dallas, TX 75201. In turn, the AFA may be served through its registered agent for service of process at Association of United Flight Attendants, Marcio L. SANT'ANA, 409 West Front Street, Suite 100, Hutto, Tx. 78634.

## VENUE

9. Venue is proper in the Harris County District Court because the causes of action lodged in this Petition occurred in Harris County and UA and the AFA conduct business in Harris County, Texas. Tex. Civ. Practice and Remedies Code §15.002(a)(1)-(3) and §15.038.

## NO FEDERAL CLAIMS ALLEGED

10. Plaintiff does not allege any federal claims in this case; she solely lodges claims under Texas law.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff filed a discrimination charge with the EEOC and the Texas Workforce Commission-Civil Rights Division (TWC-CRD) in March 2020. Plaintiff received a right-to-sue letter from the TWC-CRD on June 15, 2021. Therefore, Plaintiff has exhausted her administrative remedies to pursue her disability discrimination claim under the Texas Labor Code. Plaintiff also exhausted her administrative remedies with the AFA.

## FACTUAL ALLEGATIONS

12. Plaintiff began work with UA on or about June 1999, as a flight attendant for UA. She previously worked for Continental Airlines before the UA merger with Continental.

13. On or about January 7, 2019, Plaintiff was seriously injured during a flight from Brazil to Houston when a coworker (Janine Irving) slammed a beverage cart into Plaintiff's body. Plaintiff had no idea why Irving slammed the cart into her body.

14. Shortly thereafter, Plaintiff reported the on-the-job injury to the flight captain and to UA management, including her supervisor, Leah Opinion. After Plaintiff visited with a doctor, the physician informed her that she had three bulging disks in her back, among other things. As a

3

result, UA filed a workers' compensation claim for Plaintiff. At that time, Sedgwick was the third-party workers' compensation carrier for UA. Unfortunately, both Sedgwick and UA denied her workers' compensation claim.

15. The union, AFA, did nothing to assist Plaintiff even though the AFA was aware of the assault Plaintiff suffered on the flight. In September 2019, Plaintiff provided a doctor's note to UA in which the physician asked Plaintiff why she was not working. UA then converted Plaintiff's workers' compensation leave to sick leave in September 2019.

16. Shortly thereafter, UA terminated Plaintiff's employment in on February 13, 2020. UA did not inform Plaintiff why it was terminating her employment.

17.     To be sure, Plaintiff's employer, UA and the union, AFA, failed to:

   A.   Contact Ms. Obeginski to ensure her safety and health after a violent workplace assault;

   B.   Follow up and provide her with all information needed to address her situation regarding medical treatment and pay;

   C.   Ensure that her assailant, Ms. Irving, was arrested for the assault on a crew member;

   D.   Coordinate with Human Resources to remove the muzzle that had been placed upon Ms. Obeginski. Sneha Bharucha, Plaintiff's supervisor, who met the flight; Tammy Holt, IAH inflight Human Resources, and (iii) Chuck Miller, corporate security, instructed Plaintiff not to discuss the assault with anyone;

   E.   Demand that her assailant, Irving, be immediately grounded and terminated from employment after participating in a conference call with HR

4

and corporate security on February 4, 2019;

F.    Insist that UA rescind the record falsification when it silently changed Plaintiff's status from an OJI to unauthorized "sick leave" in September 2019. Ms. Obeginski was never sick up until this point. A UA coworker, Irving, assaulted and injured her while at work. Indeed, Irving had a loaded beverage cart she used as a battering ram against Plaintiff because Irving refused to perform her job duties. Because both the AFA and UA have enabled and emboldened Irving by not taking corrective action, Plaintiff is compelled to protect her legal rights.

G.    Enforce the AFA contractual provisions for the scheduling of the Step 1 meeting to take place within 30 days of the appeal. Plaintiff's termination letter is dated February 13, 2020. Under the AFA contract, Plaintiff's Step 1 hearing was not held until August 2020. That is a 6-month gap period, which is far beyond the time for her Step 1 hearing;

H.    Address the litany of lies leading up to Ms. Obeginski's termination from employment and within the termination letter sent to Ms. Obeginski. On March 2, 2020, an extensive account of the inaccuracies and false statements within Plaintiff's termination letter was sent to Jarrett Beto, the IAH grievance officer. None of the information Plaintiff gave to him was used at the Step 1 hearing; this demonstrated that the union was walking in lock step with UA to retaliate against Plaintiff after she was violently assaulted and wrongfully terminated.

I.    Request from UA Medical a verification of her OTI injury; rather, the

5

verification was invalid. Medical verification requests are required for sick leaves under the union contract. Ms. Obeginski was not on a sick leave. She was violently assaulted onboard UA 63 on January 7, 2019. The captain and crew failed miserably to follow any UA procedures relating to assaults onboard a plane. Her assailant was never subdued or restrained. By contrast, the assailant, Irving, was allowed to follow Ms. Obeginski and Irving tried again to assault Plaintiff later during the flight. UA did not notify law enforcement during the flight. An assault by a coworker in-flight is an OJI ("On the Job Injury"), and not sick leave. As such, medical verification in not required under any UA or AFA policy or contract.

J.     Thereafter, the AFA continued to string Ms. Obeginski along with delays. The AFA is required to represent its membership, yet the union demanded that Plaintiff sign a confidentiality agreement before it would even speak to her. Complying with the union's demand, Ms. Obeginski signed and returned AFA's request for medical records on January 15, 2021. If AFA had read through her case file, the union would have realized that all references to "sick" (other than when Plaintiff stated that she was recovering from the flu in January 2020) were erroneous and not correctly or ethically used by the UA and AFA to terminate Ms. Obeginski's employment on February 13, 2020.

### CAUSE OF ACTION 1. – SECTION 451
### WORKERS' COMPENSATION RETALIATION

18.    Based on the facts recited in this Petition, Plaintiff claims that UA retaliated against her by

terminating her employment after she suffered an on-the-job injury and pursued a workers' compensation claim. This violates Section 451 of the Texas Labor Code, which prohibits discrimination and retaliation against an employee who pursues a workers' compensation claim under Texas law.

## CAUSE OF ACTION 2. – DISABILITY DISCRIMINATION UNDER TEX. LABOR CODE §§ 21.001 *et seq.*

19. In view of the injuries Plaintiff suffered during her flight from Brazil to Texas, Plaintiff is "disabled," as that term is defined under the Texas Labor Code. In the alternative, Plaintiff was perceived as disabled or had a record of disability under the Texas Labor Code. Plaintiff requested reasonable accommodations from UA and the AFA, but her requests were denied. Instead, Defendants reclassified Plaintiff as on "sick leave," which was untrue.

20. Shortly thereafter, UA terminated Plaintiff's employment because of her disability in violation of the Texas Labor Code. The employment termination reasons UA articulated to Plaintiff, namely, that she was on sick leave and failed to return to work, were a pretext for retaliation and discrimination based on her disability under the Texas Labor Code.

## CONCLUSION

21. Given the facts and allegations recited in this Petition, Plaintiff requests that the Court award Ms. Obeginski damages for:

   a. Lost wages and benefits;

   b. Front pay

   c. Emotional distress damages;

   d. Punitive damages;

   e. Attorneys' fees; and

  f. Pre- and post-judgment interest.

            Respectfully submitted,

            By: __/s/ Dean J. Schaner__

            Dean J. Schaner
            Texas Bar No. 17726500
            **SCHANER LAW FIRM PLLC**
            5313 Pocahontas St.
            Bellaire, Texas 77401
            Telephone: 832-548-1478
            deanschaner@schanerlawfirm.com